IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE GONZALEZ | : | CIVIL ACTION |
| | : | |
| VS. | : | NO.: 2:22-cv-31 |
| | : | |
| CITY OF PHILADELPHIA | : | JURY TRIAL DEMANDED |
| AND | : | |
| CORRECTIONAL OFFICER | : | |
| TERRELL FELTS a//k/a TERREL FELTS | : | |
| AND | : | |
| CORRECTIONAL OFFICER | : | |
| JEAN CASTOR | : | |
| AND | : | |
| CORRECTIONAL OFFICERS | : | |
| JOHN DOE 1-5 | : | |

**COMPLAINT**

Plaintiff, Jose Gonzalez by and through his attorney Henry George, Esq. alleges as follows:

1. This is a civil action seeking money damages against Correctional Officer Terrell Felts a/k/a Terrel Felts (hereinafter "Felts"), Correctional Officer Jean Castor (hereinafter "Castor"), the City of Philadelphia, and Correctional Officers John Doe 1-5[1], for committing acts under color of law which deprived plaintiff of rights secured under the Constitution and laws of the United States, and for refusing to prevent such deprivations and denials to plaintiff. Plaintiff alleges that defendants Felts, Castor and Correctional

---

[1] Correctional Officers John Doe 1-5 are correctional officers and/or correctional supervisors who are currently employed and/or were employed with the City of Philadelphia on the date this incident occurred. The exact identities of Correctional Officers John Doe 1-5 are currently unknown. Plaintiff will seek leave to amend this complaint upon identifying these individuals.

Officers John Doe 1-5 assaulted him suddenly, without warning or provocation and with no justification, in violation of his Constitutional rights. Plaintiff further alleges that the City of Philadelphia, failed to train, instruct, supervise, screen, control and/or discipline defendants Felts, Castor, and Correctional Officers John Doe 1-5 and said failure to train, instruct, supervise, screen, control and/or discipline resulted in the Constitutional violation suffered by Plaintiff.

2. This action is brought pursuant to 42 U.S.C. Section 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction over this action pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1331 and 1343 and its relevant subsections.

3. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve defendants who reside within the jurisdictional limits. Venue is invoked pursuant to 28 U.S.C. §1391(b) and (c).

4. The amount in controversy exceeds one hundred and fifty thousand dollars ($150,000.00).

**PARTIES**

5. Plaintiff, Jose Gonzalez (hereinafter "Plaintiff"), is an adult individual currently incarcerated and residing at Riverside Correctional Facility located at 8151 State Road, Philadelphia, PA 19136.

6. At all times referred to herein, defendant Felts was, and is, an employee of the City of Philadelphia with an address for service of 1515 Arch Street, 14th Floor, Philadelphia, PA 19102. Defendant Felts was and is a Correctional Officer at the Curran Fromhold

Correction Facility (hereinafter "CFCF"), a county jail operated by the City of Philadelphia.

7. At all times referred to herein, defendant Castor was, and is, an employee of the City of Philadelphia with an address for service of 1515 Arch Street, 14th Floor, Philadelphia, PA 19102. Defendant Castor was and is a Correctional Officer at the Curran Fromhold Correction Facility (hereinafter "CFCF"), a county jail operated by the City of Philadelphia.

8. At all times referred to herein, defendants Correctional Officers John Doe 1-5 were employees of the City of Philadelphia with an address for service of 1515 Arch Street, 14th Floor, Philadelphia, PA 19102. Defendants Correctional Officers John Doe 1-5 were and are Correctional Officers and/or Correctional Supervisors at CFCF, a county jail operated by the City of Philadelphia.

9. Defendants Felts, Castor and Correctional Officers John Doe 1-5 were employees, agents, servants, and/or workmen of the City of Philadelphia, and were acting under the direction and control of CFCF and/or the City of Philadelphia, and were acting pursuant to the official policy, or the custom, practice, and usage of CFCF and/or the City of Philadelphia.

10. Defendant City of Philadelphia is a municipality, duly incorporated and existing under the laws of the Commonwealth of Pennsylvania. In this cause of action, the City of Philadelphia acted through its agents, employees and servants, who include but are not limited to the policymakers for the Prison System of the City of Philadelphia and CFCF,

including by not limited to Defendants Felts, Castor, and Correctional Officers John Doe 1-5.

11. Defendant City of Philadelphia controls and operates CFCF, which is located at 7901 State Road, Philadelphia, PA 19136.

12. Defendants Felts, Castor and Correctional Officers John Doe 1-5 were at all times material hereto acting in the course and scope of their employment, and pursuant to the customs, policies, and/or practices of defendant City of Philadelphia.

13. Defendants Felts, Castor and Correctional Officers John Doe 1-5 were at all times material hereto acting under color of law.

14. Plaintiff sues Defendants Felts, Castor and Correctional Officers John Doe 1-5 in their individual and official capacities.

**FACTS**

15. At all times referred herein, Defendants Felts, Castor, and Correctional Officers John Doe 1-5 acted under the color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania and City of Philadelphia and pursuant to their authority as correctional officers for the City of Philadelphia Prison System and CFCF, by and through defendant City of Philadelphia.

16. On or about July 16, 2021, plaintiff was present inside CFCF when he heard screaming and yelling coming from the phone area at CFCF.

17. Plaintiff proceeded to the phone area and immediately saw another inmate being assaulted by defendants Felts, Castor and Correctional Officers John Doe 1-5.

18. Plaintiff attempted to break up the assault, when defendant Felts grabbed plaintiff and violently threw plaintiff to the ground.

19. While on the ground defendants Felts, Castor and Correctional Officers John Doe 1-5 repeatedly punched, kicked, stomped on and hit plaintiff in the head with a walkie talkie.

20. Plaintiff placed his hands behind his back and defendants Felts, Castor and Correctional Officers John Doe 1-5 continued to assault plaintiff by punching, kicking and stomping on plaintiff's head and body.

21. The assault caused plaintiff to be knocked unconscious.

22. Once unconscious, defendants Felts, Castor and Correctional Officers John Doe 1-5 continued to punch, kick and stomp on plaintiff's head and body.

23. Plaintiff was handcuffed and escorted away from the phone area leaving behind a large pool of blood on the floor.

24. The foregoing events were captured on CFCF's surveillance cameras.

25. Plaintiff was taken to an unknown area of CFCF and left handcuffed until he regained consciousness.

26. As a direct result of the beating administered by defendants Felts, Castor and Correctional Officers John Doe 1-5, plaintiff suffered a broken nose, broken ribs, a head laceration requiring staples to be placed in his head, and severe pain to his jaw along with swelling and bruising to most of his body.

27. Plaintiff required medical treatment and he was transported to Nazareth Hospital for treatment.

28. Plaintiff suffered mental anguish as a result of the beating administered by defendants Felts, Castor and Correctional Officers John Doe 1-5.

29. Plaintiff also began suffering from seizures after the beating administered by defendants Felts, Castor and Correctional Officers John Doe 1-5.

30. Plaintiff suffered, and/or may suffer in the future, medical expenses, loss of future income or earning capacity and other financial losses.

31. On October 28, 2021, defendants Felts and Castor were arrested and charged with aggravated assault, official oppression, and possession of an instrument of crime among other charges arising out of the assaults of plaintiff and another inmate.

32. Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by the City of Philadelphia.

33. Prior to plaintiff's violent assault, the City – through its policymakers – developed and maintained inadequate screening policies which violated the Constitutional rights of the inmates of the City's correctional facilities.

34. It is the City's policy to hire corrections officers without first taking appropriate measures to screen candidates' backgrounds and/or adequately scrutinize them to ensure that they are qualified for the position which amounts to deliberate indifference to the risk that the hiring of an unqualified corrections officer would lead to violations of its inmates' Constitutional rights.

35. There has been a history of unqualified and/or unfit corrections officers violating the Constitutional rights of inmates housed in the City's correctional facilities who were

inadequately screened before they were hired as a proximate result of the City's inadequate screening policies.

36. The City's inadequate screening policies are highlighted by the following incidents involving corrections officers which have taken place within the past seven (7) years:

    a. In September 2014, CFCF corrections officer Tyrone Glover was implicated in the beating of an inmate, Marcellus Temple, in plain view of prison visitors, but was neither terminated nor disciplined. The next year, in October 2015, Glover was once again captured on CFCF's security cameras striking an inmate John Steckley, in the face several times with a closed fist following a verbal altercation. Glover was not immediately terminated, but was permitted to resign to allegedly avoid criminal prosecution.

    b. In October 2014, CFCF corrections officer James Weisback was captured on CFCF's surveillance cameras repeatedly punching an inmate, Jonathan Akubu, in the face fifteen (15) times with a closed fist while Akubu was handcuffed. Officer Weisback received a brief suspension for using excessive force and was transferred to a different unit.

    c. In May 2015, CFCF corrections officer Larry Levy was arrested and charged with assault, possessing an instrument of crime, obstruction, and official oppression arising out of his violent assault of an inmate, Victor Henderson, who was simply attempting to use the bathroom in November 2014. This assault was captured on CFCF's security cameras. Levy pled guilty to simple assault.

d. In June 2016, an inmate at the Philadelphia Industrial Correctional Center, Brandon Kulb, was taken out of his cell by corrections officers Milton Gibbs and Terrance Bailey who handcuffed him and removed him from his cell. Once they arrived at the cell block's exit, Officer Bailey struck Kulb in the back of the head which knocked him to the ground. Officers Gibbs and Bailey proceeded to drag Kulb to the central control area and began to stomp on him. Officer Shaun Lowe then arrived and joined the assault. The assault was captured on video. The officers were later arrested and suspended without pay pending the outcome of their criminal proceedings. Officer Gibbs was sentenced to a jail term between 45 days and 23 months, 4 years' probations and required to attend anger management counseling. Officer Bailey accepted a guilty plea and was sentenced to 3 years' probation.

e. In December 2016, a transgender inmate was pepper-sprayed in the face 4 times by Officer Monique Jones at the direction of Sergeant Nakia Anderson at Riverside Correctional Facility while he was handcuffed in his cell and with 3 other officers watching on. This assault was captured on video. None of the officers involved in this incident were terminated.

f. In May 2019, two CFCF corrections officers Robert Berger, and Nathanial Morris were arrested by the FBI for attacking an inmate, Lamar Rozier, by punching and kicking him multiple times even though he was compliant and not posing a physical threat to them or anyone else; Rozier did not even attempt to fight back. Neither officer was terminated.

37. The City's inadequate screening policies were ratified by the City's policymakers who were aware of the resulting Constitutional violations to the City's inmate population as set forth above.

38. The City's inadequate screening policies amount to deliberate indifference and led directly to the deprivation of Plaintiff's Constitutional rights.

**COUNT I**
**PLAINTIFF V. DEFENDANTS CORRECTIONAL OFFICER TERRELL FELTS a/k/a TERREL FELTS, CORRECTIONAL OFFICER JEAN CASTOR, AND CORRECTIONAL OFFICERS JOHN DOE 1-5**
<u>**COGNIZABLE UNDER 42 U.S.C. SECTION 1983**</u>

39. By this reference, plaintiff incorporates each and every allegation and averment set forth in Paragraphs One (1) through Thirty-Eight (38) in this Complaint, as though fully set forth herein.

40. Defendants Felts, Castor, and Correctional Officers John Doe 1-5, acting under color of law, willfully and maliciously assaulted Plaintiff. Such acts constituted cruel and unusual punishment, a deprivation of Plaintiff's substantive due process rights, excessive use of force, and deliberate indifference, all of which violated Plaintiff's clearly established rights under the laws and Constitution of the United States, in particular the Fourth, Eighth, and Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

41. On the aforementioned date, defendants, Felts, Castor and Correctional Officers John Doe 1-5 used unnecessary force on plaintiff by punching, kicking, stomping, hitting with a walkie talkie, assaulting, and battering him. The aforesaid action by defendants was unreasonable, unnecessary, unlawful, outrageous and intentional, and constituted an unlawful physical assault upon plaintiff.

42. As a direct and proximate result of the aforesaid unlawful and malicious physical abuse of plaintiff by defendants Felts, Castor and Correctional Officers John Doe 1-5, permitted under color of law and under each individual defendant's authority as a correctional officer of the City of Philadelphia, plaintiff suffered harm and was deprived of his right to be secure in his person against unreasonable seizure and the use of unreasonable force, in violation of the Fourth and/or Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of the aforesaid acts of defendants Felts, Castor and Correctional Officers John Doe 1-5, Plaintiff was deprived of his rights under the laws and Constitution of the United States, in particular, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

44. As as direct and proximate result of the malicious and outrageous conduct of defendants Felts, Castor and Correctional Officers John Doe 1-5, plaintiff suffered serious physical injuries, as well as psychological and emotional injuries, humiliation, embarrassment, loss of pleasure and enjoyment of life, economic loss and all other damages set forth above, some or all of which may be permanent.

45. The acts of defendants Felts, Castor and Correctional Officers John Doe 1-5 as aforesaid were wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages against defendants.

**WHEREFORE,** plaintiff respectfully requests judgment against Defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) for compensatory and

punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II
## PLAINTIFF V. CITY OF PHILADELPHIA
## VIOLATIONS OF 42 U.S.C. § 1983

46. By this reference, plaintiff incorporates each and every allegation and averment set forth in Paragraphs One (1) through Forty-Five (45) of this Complaint, as though fully set forth herein.

47. Prior to defendants Felts, Castor and Correctional Officers John Doe 1-5's violent assault of plaintiff on July 16, 2021, the City of Philadelphia, including but not limited to the Philadelphia Prison System, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Philadelphia, and the Philadelphia Prison System, which caused the violation of Plaintiff's civil rights. Specifically, the City – through its policymakers – developed and maintained screening policies which violated the Constitutional rights of the inmates of the City's correctional facilities.

48. It is the policy and/or the custom of the City of Philadelphia and/or the Philadelphia Prison System to inadequately and improperly investigate acts of violence and misconduct by its officers, including defendants Felts and Castor, such that these acts of violence and misconduct were tolerated and known by the City of Philadelphia and/or the Philadelphia Prison System, including the incident(s) involving Plaintiff in this action, Jose Gonzalez.

49. It is the City's policy to hire corrections officers without first taking appropriate measures to screen candidates' backgrounds and/or adequately scrutinize them to ensure that they are qualified for the position which amounts to deliberate indifference to the risk that the hiring of an unqualified corrections officer would lead to violations of its inmates' Constitutional rights.

50. It is the policy and/or custom of the City of Philadelphia and/or the Philadelphia Prison System to inadequately supervise, discipline, and train its corrections officers, including the Defendant corrections officers, thereby failing to adequately discourage further constitutional violations on the part of its corrections officers. The City of Philadelphia and/or the Philadelphia Prison Systems did not require appropriate in-service training or re-training of corrections officers who were known or should have been known to have engaged in propensities for violence, unlawful seizures, unlawful assaults/batteries and unlawful behavior and further officer misconduct. The City of Philadelphia, through the Philadelphia Prison System, did not properly and adequately discipline or supervise these officers to insure that there would not be future violations of inmates' rights, such as occurred in the instant case.

51. The City hired defendants Felts and Castor as corrections officers without first adequately screening their backgrounds as a proximate result of its inadequate screening policies.

52. The City's inadequate screening policies amount to deliberate indifference and led directly to the deprivation of Plaintiff's Constitutional rights.

53. The actions of defendants Felts, Castor and corrections officers John Doe 1-5 in the instant case were the result of the inadequate training and inadequate supervision, and discipline concerning the use of force on inmates and various other Philadelphia Prison System rules. Given the constantly reoccurring interactions between corrections officers and inmates within the Philadelphia Prison System, the need for adequate training and supervision of corrections officers is vital.

54. The acts and failures to act of Defendants Felts, Castor, Correctional Officers John Doe 1-5, the City of Philadelphia, and/or the Philadelphia Prison System were committed under the color of law as they allowed, by way of heir laws, statutes, ordinances, regulations, policies, customs, and usages, their corrections officers to be in possession, care, custody and/or control of deadly and dangerous instrumentalities and weapons, including but not limited to fists for pummeling and boots for kicking, at all times.

55. As a result, as set forth above, Plaintiff was deprived of his rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. Sections 1981, 1983, 1985, 1988, and Plaintiff was deprived of rights guaranteed to him by the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

56. As a direct and proximate result of the City's inadequate screening polices, inadequate training and inadequate supervision, Plaintiff suffered violations of his clearly established rights under the laws and Constitution of the United States, in particular, the Fourth, Eighth, and Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

57. As a direct and proximate result of the City's inadequate screening polices, inadequate training and inadequate supervision, Plaintiff suffered serious injuries as previously set forth above.

58. The acts of the City of Philadelphia as aforesaid were wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages against Defendants.

**WHEREFORE,** plaintiff respectfully requests judgment against Defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) for compensatory and punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems fair and appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all counts and all issues raised by this complaint.

Respectfully submitted,

**LAW OFFICE OF GREGORY J. PAGANO, P.C.**

BY:   /s/ Henry George
HENRY GEORGE, ESQ.
1315 Walnut St. 12th Floor
Philadelphia, PA 19107
215-636-0160
Attorney for Plaintiff, Jose Gonzalez

January 5, 2022